UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and White
Argued by videoconference

DOMINIC TRAN,
 HUE NGO,
 CATHERINE TRAN AND
 ELIZABETH TRAN,
 BY GEICO GENERAL INSURANCE COMPANY,      MEMORANDUM OPINION* BY
 SUBROGEE                                 JUDGE KIMBERLEY SLAYTON WHITE
                                          FEBRUARY 21, 2023
v.      Record No. 0648-22-4

VANESSA INES MORIARTY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

Christy W. Monolo (Dinh Ngo; Chaplin and Gonet, on brief), for
appellants.

Alexander P. Faig (Law Office of Samuel C. Moore, PLLC, on
brief), for appellee.

Appellants, Dominic Tran, *et. al*, appeal the circuit court's order dismissing the personal

injury claims against Vanessa Ines Moriarty as barred by the statute of limitations. In *English v.*

*Quinn*, 76 Va. App. 80 (2022), this Court determined that the Supreme Court's emergency orders

entered between March 16, 2020, and July 8, 2020, in response to the COVID-19 pandemic,

tolled all statutes of limitations, not just those that would have expired during the tolling period.

Accordingly, we hold that because the emergency orders tolled and extended all statutes of

limitations, appellants' suits were not time-barred. Therefore, we reverse the circuit court's

order.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On January 20, 2019, Dominic Tran, Hue Ngo, Catherine Tran, and Elizabeth Tran were injured in a car accident involving a collision with Vanessa Ines Moriarty.

From March 16, 2020, to July 8, 2020, the Supreme Court issued seven orders declaring and extending a judicial emergency in response to the COVID-19 pandemic. *See In re: Order Declaring a Judicial Emergency in Response to COVID-19 Emergency*, 1-2 (Va. Mar. 16, 2020); *also see In re: Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency* (Va. July 8, 2020). These orders each "toll[ed] and extend[ed] . . . all deadlines" in district and circuit courts for twenty-one days, consistent with Code § 17.1-330(D).[1] The seventh order limited the tolling period to the 126 days between March 16, 2020, and July 19, 2020. *In re: Seventh Order*.

On March 24, 2021, the insurance carrier for the Trans and Ngo, GEICO General Insurance Company ("GEICO"), filed warrants in debt in the Fairfax General District Court for the payments made as a result of bodily injury claims resulting from the accident with Moriarty.

Moriarty filed pleas in bar as to all claims on the basis that the statute of limitations had expired. The Trans and Ngo, by GEICO as subrogee, filed briefs in opposition arguing that the plain language of the Supreme Court of Virginia's emergency orders ("emergency orders") tolled the statute of limitations in these cases. A hearing was held on October 27, 2021, and the general district court judge granted the pleas in bar dismissing the cases with prejudice.

---

[1] *See In re: Order Declaring*, 1-2; *In re: Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency*, 1 (Va. Mar. 27, 2020); *In re: Third Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency*, 2 (Va. Apr. 22, 2020); *In re: Fourth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency*, 3 (Va. May 6, 2020); *In re: Fifth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency*, 2 (Va. Jun. 1, 2020); *In re: Sixth Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency*, 2 (Va. Jun. 22, 2020); *In re: Seventh Order*.

The Trans and Ngo by GEICO appealed to the Fairfax Circuit Court where the matters were consolidated for purposes of hearings and trials. Moriarty filed a plea in bar in the circuit court again arguing that the statute of limitations had expired. GEICO responded with a brief in opposition, again arguing the plain language of the emergency orders. A hearing was held on April 1, 2022, in which GEICO raised an additional issue of how reading the emergency orders narrowly would prejudice plaintiffs, asserting that such an interpretation would allow for inconsistent results when a plaintiff whose statute of limitations ran a day before July 19, 2020, a 126-day extension, but not allowing a plaintiff whose statute of limitations expired a day after any extension whatsoever. The circuit court sustained the plea in bar holding that the plain language of the emergency orders states that the tolling period only applies to statutes of limitations that would otherwise expire during March 16, 2020, through July 19, 2020. GEICO then filed a "Motion to Reconsider and/or Suspend the Order Granting the Plea in Bar" which was summarily denied in chambers without opportunity for argument.

GEICO appealed, arguing the emergency orders tolled all claims during the 126-day period. We agree.

ANALYSIS

Appellants contend that the circuit court erred when it ruled that the tolling provisions in the emergency orders did not toll the appellants' statute of limitations or any statute of limitations that were running during the tolling period of March 16, 2020, through July 19, 2020, and that would have expired after July 19, 2020. They argue that the plain language of the emergency orders provides that all statutes of limitations are tolled during the judicial emergency and tolled the statute of limitations in these cases. According to appellants, the circuit court did not follow the plain language of the emergency orders or read them in harmony with each other.

Previously, this Court considered and agreed with this argument. *See English*, 76 Va. App. 80. Therefore, we agree.

In *English*, as here, the circuit court dismissed the plaintiff's case concluding that the tolling provisions of the emergency orders only applied to the statutes of limitations that would expire between March 16, 2020, and July 19, 2020. *Id.* at 85. We reversed the circuit court, holding that the plain language of the judicial emergency orders tolled all statutes of limitations between March 16, 2020, and July 19, 2020. *Id.* at 83, 92. Further, we held the "tolling provisions were not limited to deadlines that otherwise would have expired during the period." *Id.* at 88. *English* dispositively addresses the issue raised by appellants and, per the interpanel-accord doctrine, we are bound by decisions of a prior panel of this Court. *Johnson v. Commonwealth*, 75 Va. App. 475, 481 (2022).

## CONCLUSION

In accordance with the interpanel-accord doctrine, we find that *English*'s holding that the Supreme Court's judicial emergency orders tolled all statutes of limitations from March 16, 2020, through July 19, 2020, controls our analysis of this case. Therefore, we reverse the circuit court's order and remand for further proceedings.

*Reversed and remanded.*